F. W. STOCK & SONS *v.* LITCHFIELD CO-OPERATIVE
SHIPPERS ASS'N.

1. Railroads—Spur Tracks—Lease—Private Purposes.

Lease of land by mill owner to railroad company for purpose
of constructing side track to facilitate shipment of products
to and from mill, and which gave railroad company no au-
thority to use leased premises for benefit of any other ship-
per, was private arrangement for exclusive purposes of par-
ties to it, and its use by railroad company for other purposes
is violation of lease.

2. Injunction—Equity.

Principle that, where plaintiff's loss is small in proportion to
damage injunction would cause defendant, court of equity
should not restrain unlawful use, is equitable one, is merely
statement that all circumstances will be taken into con-
sideration, and is exception to general rule that where injury
materially lessens enjoyment of real property by owner, in-
junction will issue to restrain its continuance.

3. Same—Owner of Spur Track May Enjoin Use by Others—
Damages—Adequate Remedy at Law.

Mill owner paying valuable consideration for exclusive spur
track to its mill is entitled to enjoin its use by railroad com-
pany and competitor in violation of contract, where incon-
venience to it is great and admeasurement in money of dam-
ages would be extremely difficult; remedy at law being
inadequate.

4. Same—Equity—Railroads.

In suit by mill owner to restrain railroad company and competi-
tor from using plaintiff's spur track in violation of its rights,
expense incurred by defendants after notice that plaintiff
objected and would insist on its rights should not be con-
sidered by court as sufficient equitable ground for denying
relief under all circumstances of case, including right of
railroad company to acquire by condemnation such trackage
as it needs.

Appeal from Hillsdale; Chester (Guy M.), J. Submitted June 6, 1930. (Docket No. 49, Calendar No. 35,054.) Decided October 3, 1930.

Bill by F. W. Stock & Sons, a corporation, against Litchfield Co-operative Shippers Association, a corporation, and the New York Central Railroad Company, to enjoin the use of a side track. From a decree for plaintiff, defendants appeal. Affirmed.

*Paul W. Chase* and *Merton Fitzpatrick,* for plaintiff.

*Victor Hawkins,* for defendant association.

*Clark & Bean,* for defendant railroad.

FEAD, J.  Plaintiff had decree restraining defendant Litchfield Co-operative Shippers Association from using plaintiff's side track for moving cars and defendant railroad company from using the side track to move cars for the association.

The case revolves around an agreement and a lease, under which the side track was constructed, executed in 1884 between F. W. Stock, predecessor of plaintiff, and Lake Shore & Michigan Southern Railway Company, predecessor of defendant railroad company.

The agreement provided that Stock furnish a right of way from the main line of the railroad company, about 1,285 feet, to his flour mill; that he grade it, construct and maintain necessary fences and cattle guards; that he execute a lease to the railroad company of the right of way, free of rent and taxes, for as long as the company should maintain the spur; that he deed it certain other property for a right of way; and that he operate his mill con-

tinuously and ship all his in and out products over the lessee's road. The railroad company agreed to furnish the ties and steel for the track and to switch cars between the mill and the main line without charge, with option to take up its track if at any time the mill should cease operations for a period of six months. On the same day the stipulated deed was given and a lease executed of a 30-foot strip of land "for right of way for a spur or branch track to the mill of the said Stock."

Sometimes the railroad company backed a freight or passenger train upon the spur to permit another to pass on the main line. Other than this, the branch track was used exclusively for the purposes of the Stock mill from 1884 to 1920, when, over plaintiff's protest, a side track was run from it to the plant of Litchfield Dairy Association, and in 1927, against plaintiff's protests in advance, the latter siding was extended 200 feet to the plant of defendant association, a competitor of plaintiff. Since then freight to and from such plants has been hauled over plaintiff's spur between the plant siding and the main line and switching for them done on its tracks. The Litchfield Dairy Association was not made a party to the suit and its status is not in issue.

The agreement and lease gave the railroad company no authority to construct other tracks connecting with plaintiff's branch nor to use the leased premises for the benefit of any other shipper. The transaction was a private arrangement for the exclusive purposes of the parties to it. Plaintiff's property cannot be diverted to another use without violation of the lease.

The testimony showed considerable inconvenience to plaintiff from operation of the siding, but it was not evaluated in money. The familiar principle is

invoked that, as plaintiff's loss is small in proportion to the damage an injunction would cause defendant, a court of equity should not restrain the unlawful use. *Potter* v. *Street Railway,* 83 Mich. 285 (10 L. R. A. 176). The principle is an equitable one and is merely a statement of a phase of the proposition that all the circumstances will be taken into consideration, including the damage to the respective parties, in granting or withholding the discretionary writ of injunction. It is an exception to the rule that where an injury materially lessens the enjoyment of real property by the owner, an injunction will issue to restrain its continuance. *Newaygo Manfg. Co.* v. *Railway Co.,* 64 Mich. 114.

The equities favor plaintiff. Its predecessor had paid a valuable consideration for an exclusive spur, in the way of conveyance of right of way, which defendant railroad company still retains. Admeasurement in money of the inconvenience to plaintiff would be extremely difficult, although real. Its remedy at law would be inadequate. To appropriate plaintiff's property without its consent to the use of a competitor is unjust. Violations of contract should not be encouraged. Defendants are not only seeking to use plaintiff's property in violation of a valid contract, rent free and at its expense by way of taxes, but they assumed to so use it and incurred the expense, which they now ask the court to consider as an equity in their favor, after explicit notice of plaintiff's claims, against its vigorous protests without a showing of necessity or public convenience, and in wilful and high-handed disregard of its rights. All of this was without fair excuse, as defendant railroad company has a remedy by condemnation to acquire such trackage as it needs. To refuse an injunction would be tantamount to a judg-

ment of condemnation in favor of defendants and without just compensation to plaintiff.

Decree is affirmed, with costs.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.